IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| STAR HEALTH & BEAUTY, LLC, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| NUGENE, INC. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| NUGENE INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT
CANCELLATION OF TRADEMARK REGISTRATION
AND INJUNCTIVE RELIEF**

Plaintiff Star Health & Beauty, LLC ("Star" or "Plaintiff"), for its complaint

against NuGene, Inc. ("Defendant") and NuGene International, Inc. (collectively,

"NuGene" or "Defendants"), states and alleges as follows:

**JURISDICTION AND VENUE**

1.  This is an action arising under the Lanham Act, 15 U.S.C. § 1051, *et seq*.

- 1 -

2.  This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1338(a), as the action involves trademark law, and under 28 U.S.C. § 1331, as the action involves a federal questions, and under 15 U.S.C. § 1121, as the action seeks determination of a right to a federal trademark registration and cancellation of the federal trademark registration.

3.  This Court has personal jurisdiction over Defendants, as Defendants on information and belief conduct business in Georgia in this judicial district.

4.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to the claims asserted herein occurred in this judicial district, the Defendants are subject to personal jurisdiction in this judicial district, and Defendants have transacted business in this forum by, among other things, sending Star the cease and desist letter attached as Exhibit "1".

## NATURE OF THE ACTION

5.  This is a civil action for trademark infringement and trademark dilution arising under Section 43(a) of the Trademark Act of 1946 (the "Lanham Act"), as amended, 15 U.S.C. § 1125 and under Section 37 of the Lanham Act for determination of the right to registration and for an order of cancellation of U.S. Trademark Reg. No. 3,936,506 ("the '506 Registration").

## THE PARTIES

6.  Plaintiff Star is a Georgia limited liability company having a principal place of business at 14500 E Lochridge Boulevard, Unit E, Covington, Georgia 30014.

7.  Defendant NuGene, Inc. is a California corporation having a principal place of business at 720 Paularino #100, Costa Mesa, California 92626.

8.  Defendant NuGene International, Inc. is a Nevada corporation having a principal place of business at 720 Paularino #100, Costa Mesa, California 92626. Upon information and belief, Defendant NuGene International, Inc. is the parent entity to Defendant NuGene, Inc. and both work together to market and sell goods in interstate commerce in the ordinary course of business

## FACTUAL BACKGROUND

### Plaintiff Adopted And Continues to Use Trademark NUGEN

9.  Star engages in the business of selling health care and beauty goods, specifically, anti-aging skincare products and hair rejuvenation products.

10.  Long prior to February 9, 2010, Star adopted, and used, and continues to use, as a brand identifier a name and trademark NUGEN for its health care and beauty goods.

11.  Star has long marketed and sold its branded NUGEN hair rejuvenation products in interstate commerce in the ordinary course of business to customers throughout the United States.

12.  Star has as a consequence developed a substantial reputation and goodwill symbolized by the name and trademark NUGEN for health care and beauty goods.

**Defendants Adopted, Uses And Registered Brand Identifier NUGENE**

13.  Upon information and belief, both Defendants work together and engage in the business of selling health and beauty goods, including skincare products and hair care products, and specifically, hair shampoo, foaming cleanser for personal use, clarifying toner, anti-aging moisturizer, eye contour cream, non-medicated anti-aging serum, skin lotion, hydrating sunscreen cream as well as weight loss formula for men and women comprised of weight management supplements, dietary supplements in the nature of weight loss powders, therapeutic agents for weight control and appetite suppression, in interstate commerce in the ordinary course of business throughout the United States.

13.  On information and belief, Defendant on April 1, 2006, adopted and used as a brand identifier a name and trademark NUGENE for health care and beauty goods.

14.  On February 9, 2010, Defendant filed an application Serial Number 77/931,770 for Federal registration of the trademark NUGENE for health care and beauty care products, namely, hair shampoo, foaming cleanser for personal use, clarifying toner, anti-aging moisturizer, eye contour cream, non-medicated anti-aging serum, skin lotion, hydrating sunscreen cream and for weight loss formula for men and women comprised of weight management supplements, dietary supplements in the nature of weight loss powders, therapeutic agents for weight control and appetite suppression.  On March 29, 2011, U.S. Trademark Reg. No. 3,936,506 ("the '506 Registration") for the trademark NUGENE issued to the Defendant.

15.  On June 17, 2015, Defendants gave written notice to Star in a cease and desist letter that the use by Star of the NUGEN name and trademark for health care and beauty goods was illegal, stating further that Star's NUGEN trademark was confusingly similar to Defendants' mark NUGENE, that Star intended to, and actually does, confuse and misdirect customers seeking Defendants' health care and beauty goods, and that Star's sales activities are unlawful and constitute unfair

competition, intentional trademark infringement, trademark dilution, and false designation of origin.

16. Defendants demanded that Star cease and desist the use of the NUGEN name and trademark on packaging, in advertising, and on and in connection with Internet searching and web sites.

17. However, Defendants' use of the name and trademark NUGENE for health care and beauty goods is likely to cause confusion, mistake, or deception in violation of the Lanham Act 15 U.S.C. § 1125, with Star's trademark NUGEN for health care and beauty goods and to cause dilution of Star's rights in and to its name and trademark.

## FIRST CLAIM FOR RELIEF

## TRADEMARK INFRINGEMENT

18. Star incorporates herein by reference the averments of paragraphs 1 - 17 as though fully set forth herein.

19. Star has long used the NUGEN trademark in commerce for health care and beauty goods.

20.  Notwithstanding, Defendants have adopted and continue to use in commerce the confusingly similar trademark NUGENE for health care and beauty goods.

21.  Defendants' acts are likely to cause or have caused confusion, mistake, or deception among the public as to Defendants' affiliation with Star, and thus, constitute trademark infringement of Star's NUGEN mark in violation of the Lanham Act 15 U.S.C. § 1125.

22.  Defendants' acts of infringement have caused Star damage, including the loss of goodwill and reputation established by Star's long use of the NUGEN trademark, for which Star is entitled to all available remedies including preliminary and permanent injunctive relief; any damages sustained by Star; Defendants' profits; destruction of all packaging, literature, advertising and another material bearing the name and trademark NUGENE, and any and all variants or similar spelling; and other equitable relief.

## SECOND CLAIM FOR RELIEF

### TRADEMARK DILUTION

23.  Star incorporates herein by reference the averments of paragraphs 1 - 22 as though fully set forth herein.

24.  Star has long used the NUGEN mark in commerce for health care and beauty goods.

25.  The trademark NUGEN is famous and distinctive and is entitled to protection against dilution.

26.  Without Star's permission and notwithstanding the long use of the trademark NUGEN, Defendants have adopted and continue to use in commerce the confusingly similar trademark NUGENE for health care and beauty goods after Star's trademark NUGEN became famous and distinctive.  Defendants' use of the NUGENE trademark in connection with health care and beauty goods is likely to cause, or has caused, confusion and deception to consumers for health care and beauty goods, and will continue to confuse and deceive the public into believing that the health care and beauty goods of Defendants are approved by, sponsored by or affiliated with Star.

27.  Defendants' acts as alleged herein constitute passing off of Star's health care and beauty goods as those of Star, with intent to deceive and defraud the public, in violation of the Lanham Act Section 43(a).

28.  Defendants' acts have caused Star damage, including the lost revenue and harm to reputation and goodwill and reputation established by Star's long use of the NUGEN trademark, for which Star is entitled to all available remedies

- 8 -

including preliminary and permanent injunctive relief; any damages sustained by Star; destruction of all packaging, literature, advertising and another material bearing the mark NUGENE, and any and all variants or similar spelling; and other equitable relief.

### THIRD CLAIM FOR RELIEF

### CANCELLATION OF '506 TRADEMARK REGISTRATION

29.  Star incorporates herein by reference the averments of paragraphs 1 - 28 as though fully set forth herein.

30.  The '506 Registration is less than five (5) years old, and is subject to cancellation for failure of the application to comply with the requirements for federal registration of a trademark pursuant to the Lanham Act, 17 U.S.C. 1051 et seq.

31.  Because of the long use by Star of its mark NUGEN in interstate commerce in association with heath care and beauty care products to consumers in the states of the United States, the Defendant is barred by the Lanham Act from obtaining a registration for its mark NUGENE for health care and beauty care products.

32.  Defendants' '506 Registration, less than 5 years old and in view of long use by Star in commerce in the United States, fails to comp comply with the

requirements for federal Registration of a trademark pursuant to the Lanham Act,

17 U.S.C. 1051 et seq., and Defendants' '506 Registration should be cancelled.

## FOURTH CLAIM FOR RELIEF

### INJUNCTIVE RELIEF

33.  Star incorporates herein by reference the averments of paragraphs 1 - 32 as though fully set forth herein.

34.  The actions of Defendants have cause, and will continue to cause, irreparable damage to Star, including loss of marketing and sales opportunities for health care and beauty goods and injury to Star's business reputation and goodwill and the distinctive quality of Star's name and mark NUGEN, for which Star has no adequate remedy at law.  The full magnitude of these damages will be difficult, if not impossible, to quantify, and will continue to damage Star unless Defendants are enjoined.

35. Star is thereby entitled to preliminary and permanent injunctive relief under 15 U.S.C. § 1125, enjoining Defendants from use of NUGENE mark and name, including on all labels, signs, prints, packaging, containers, and advertising.

WHEREFORE, Star prays that this Court:

(1)  Enter judgment in favor of Star against Defendants under each of the above Counts;

(2)  Enjoin Defendants, its officers, agents, servants, employees and attorneys from using NUGENE name and mark and/or any variants thereof;

(3)  Cancel U.S. Trademark Reg. No. 3,936,506;

(4)  Award Star a judgment against Defendants for monetary damages, as provided by statute;

(5)  Award Star its costs; and

(6)  Award Star such other and further relief as this Court deems just and proper.

Respectfully submitted,

Date: _____

*/s/Steven G. Hall*_____
Steve G. Hall (GA Bar 319308)
shall@bakerdonelson.com
Carl Davis II (GA Bar 207710)
cdavis@bakerdonelson.com

Baker Donelson Bearman
    Caldwell & Berkowitz PC
3414 Peachtree Road NE, Ste 1600
Atlanta, Georgia 303326
Telephone:  (404) 577-6000
Facsimile:  (404) 221-6501

- 11 -

ATTORNEYS FOR PLAINTIFF
STAR HEALTH & BEAUTY, LLC